WEIMER, J.,
dissenting in part.
hi respectfully dissent from the majority opinion insofar as it vacates the ' defen-' dant’s sentence and remands this case for a new sentencing hearing. The general rule is that “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.” La. C.Cr.P. art. 841. This rule, commonly known as the contemporaneous objection rule, was extended to apply to the penalty phase of capital trials in State v. Wessinger, 98-1234, p. 20 (La.5/28/99), 736 So.2d 162, 181.
In this case, there is no dispute, and the majority opinion acknowledges, thát “defendant did not lodge a contemporaneous objection to Rogers’ testimony.” Op. at 227. As a result, under prevailiflg' jurisprudence, defendant failed to preserve his claim of a Jackson[1] violation for réview. La. C.Cr.P. art. 841; Wessinger, 98-1234 at 20, 736 So.2d at 181.
I would affirm the judgment below in its entirety, ...
GTJIDRY, Justice, dissents in part for the reasons, assigned by Justice WEIMER.
CLARK, J., dissents in part for the reasons'assigned by Justice WEIMER.

. State v. Jackson, 608 So.2d 949 (La.1992).